UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-450(DSD/KMM)

Mark C. Jorgensen,

       Plaintiff,

v.                                                    **ORDER**

Stewart, Zlimen & Jungers, Ltd.,

       Defendant.


      Darren B. Schwiebert, Esq. and Mayer Brayer LLP, 5844 Columbus Avenue South, Minneapolis, MN 55471, counsel for plaintiff.

      Kevin Jonassen, Esq. and Stewart, Zlimen & Jungers, Ltd., 2277 Highway 36 #100, Roseville, MN 55113, counsel for defendant.


This matter is before the court upon the motion for judgment on the pleadings by defendant Stewart, Zlimen & Jungers, Ltd. (SZJ) and the motion to amend by plaintiff Mark C. Jorgenson.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion for judgment on the pleadings and denies the motion to amend.


**BACKGROUND**

This debt-collection dispute arises out Jorgenson's alleged debt to Allina Health Systems for medical services in the amount of $1,487.50.  Accounts Receivable Services, LLC (ARS), which purchased the debt from Allina, sued Jorgenson in conciliation court to collect the debt, but voluntarily dismissed the case

without prejudice before final resolution of the case.  ARS then retained SZJ to collect the debt on its behalf.

In January 2016, SZJ notified Jorgenson, through his counsel, that it was seeking to collect the debt on behalf of ARS.  Answer ¶ 6.  On February 23, Jorgenson filed two actions in this court, one against ARS (assigned to Judge Richard H. Kyle) and the instant case against SZJ.  In the ARS case, Jorgenson alleged that ARS violated various provisions of the Fair Debt Collection Practices Act (FDCPA) by (1) attempting to collect prejudgment interest, (2) giving him a fake bill of sale, and (3) alleging an unfounded account stated theory of liability in conciliation court. Jorgenson v. Accounts Receivable Servs., LLC, No. 16-449 (RHK/SER), ECF No. 1 ¶¶ 30-32; id. ECF No. 29, at 2.[1]  In this case, Jorgenson asserts the same legal claims against SZJ, with the exception of the third claim listed above that applies uniquely to ARS.

On May 3, 2016, ARS moved for judgment on the pleadings, arguing that Jorgenson's legal theories are untenable.  See id. ECF No. 15, at 6-13.  While the ARS motion was pending, SZJ filed the instant motion in this case on the same grounds.  During briefing in this case, Judge Kyle issued an order dismissing with prejudice Jorgenson's claims also raised here, namely, that ARS unlawfully

---

[1]  Despite filing two nearly identical lawsuits on the same day, Jorgenson failed to meet his obligation to identify the cases as related.  The court is troubled by Jorgenson's lack of candor in this regard and trusts that such conduct will not be repeated by Jorgenson or his counsel.

attempted to collect prejudgment interest and that it gave Jorgenson a fake bill of sale. <u>Jorgenson</u>, No. 16-449, slip op. at 5-9 (D. Minn. Aug. 31, 2016). On September 15, Jorgenson filed a motion to amend the complaint. The proposed amended complaint adds new allegations regarding his claims, but is otherwise substantively the same as the original complaint. <u>See</u> ECF Nos. 15, 17. SZJ opposes the motion to amend, arguing that it is futile.

At the hearing on the instant motions, the court asked the parties to submit supplemental briefing on whether the doctrines of res judicata and/or collateral estoppel bar this action in light of Judge Kyle's decision in the ARS case.

### DISCUSSION

The court has reviewed the parties' submissions and finds that res judicata applies in these circumstances and requires the dismissal of Jorgenson's complaint.

The doctrine of res judicata prevents relitigation of claims on grounds that were raised or could have been raised in a prior suit. <u>Banks v. Int'l Union Elec., Elec ., Tech., Salaried and Mach. Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004). The interest in judicial economy allows a court to dismiss a complaint sua sponte upon the grounds of res judicata, especially when multiple actions are brought in the same district. <u>See</u> <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000); <u>Indep. Sch. Dist. No. 283 v.</u>

S.D., 88 F.3d 556, 562 n.5 (8th Cir. 1996); Johnson v. LaSalle Bank Nat'l Ass'n, No. 08-5127, 2009 WL 3242020, at *12 (D. Minn. Sept. 30, 2009) (collecting cases); accord O'Connor v. Pierson, 568 F.2d 64, 68 n.2 (2d Cir. 2009) (citing Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993)); Carbonell v. La. Dept. of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985). The preclusive effect of a prior federal court judgment is determined by federal law. Alumax Mill Prods. v. Congress Fin. Corp., 912 F.2d 996, 1012 (8th Cir. 1990).

Res judicata bars a claim if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008). All elements of res judicata are satisfied here.[2]

First, Judge Kyle's dismissal on the merits with prejudice in the ARS case constitutes a final judgment on the merits. The fact that Judge Kyle has not yet entered judgment in the ARS case due to

---

[2] The doctrine of collateral estoppel likewise bars Jorgenson's claims. Under collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Servs., Inc., No. 14-292, 2015 WL 5165350, at *3 (D. Minn. Sept. 3, 2015). Each of the elements of collateral estoppel is satisfied here.

4

the unrelated remaining claim does not undermine that conclusion. "Recent decisions have relaxed traditional views of the finality requirement ... by applying [preclusion] to matters resolved by preliminary rulings or to determinations of liability that have not yet been completed by an award of damages or other relief, let alone enforced[.]"  In re Nangle, 274 F.3d 481, 484–85 (8th Cir. 2001) (internal quotations and citations omitted); see also Olson v. Brott, No. 09-790, 2009 WL 4912135, at *2 (D. Minn. Dec. 11, 2009) (finding a final judgment on the merits even though judgment had not been entered); Crystal Import Corp. V. AVID Identification Sys., Inc., 582 F. Supp. 2d 1166, 1170 n.4 (D. Minn. 2008) (rejecting the argument that a denial of a motion to amend was not a final judgment on the merits because the prior action was not dismissed in its entirety).  Second, there is no dispute that the ARS case was based on proper jurisdiction.  Third, ARS and its agent SZJ are in privity because they "have a close relationship, bordering on near identity."  Daley v. Marriott Int'l, Inc., 415 F.3d 889, 897 (8th Cir. 2005).  ARS hired SZJ to collect the debt on its behalf.  As ARS's agent, SZJ is effectively the same party with the same interests.

Finally, the claims raised here involve the same legal theories and arise from the same common nucleus of operative facts

underlying the ARS case.[3]  Jorgenson notes that his arguments in this case regarding the bill of sale are slightly different than those raised in the ARS case.  Jorgenson's failure to pursue all arguments available to him in the ARS case does not validate his claims here.  See Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983) ("[R]res judicata or claim preclusion bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit.").  As a result, Jorgenson's claims must be dismissed.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for judgment on the pleadings [ECF No. 13] is granted;

2. The motion to amend [ECF No. 15] is denied as moot; and

3. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 17, 2016

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[3] The proposed amended complaint does not alter Jorgenson's originally brought claims or the court's analysis.